

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2003

# Wong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Wong v. Atty Gen USA" (2003). *2003 Decisions.* Paper 241.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/241

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

02-4375

_____

CHOI FUNG WONG, a/k/a
Chi Feng Wang, a/k/a
Choi Fung Wang, a/k/a
Chai Feng Wang,

Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States

_____

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

_____

BIA No. A72-493-273

Submitted Under Third Circuit Rule 34.1(a)
September 11, 2003

Before:  ALITO, BARRY, and AMBRO, Circuit Judges

(Filed:   September 29, 2003)

_____

OPINION

_____

ALITO, <u>Circuit Judge</u>:

This is a petition for review of a decision of the Board of Immigration Appeals denying an application for asylum and withholding of deportation. We deny the petition.

Fung Choi Wong is a Chinese national who attempted to enter the United States at Newark International Airport in 1992. Because she lacked a valid, unexpired visa she was placed in exclusion proceedings by the Immigration and Naturalization Service. When Wong arrived in the United States, her husband was already here, having left China sometime before she did. Wong conceded her excludability but applied for asylum and withholding of her deportation. In her application, she stated that her reason for leaving China was to escape the tyrannical Chinese government. She mentioned that the Chinese authorities were attempting to make her pay a fine for having her second child and that they had given her notice that she was to be sterilized. App. II at 233. However, the application made no mention that the Chinese government had actually sterilized her. Thereafter, in her first exclusion hearing in 1993, Wong testified that she had been forcibly sterilized in 1990. <u>Id.</u> at 175. She also testified that she had left China, in part, to conceive a daughter and to avoid the consequences of opposing the Chinese family planning policy. <u>Id.</u> at 172-73. Finding that Wong was not credible, the Immigration Judge denied her applications for asylum and withholding.

Wong then appealed the decision to the BIA, but the BIA dismissed the appeal. In the fall of 1997, Wong moved to have the BIA reconsider its decision in light

2

of medical records showing that she had been sterilized and in light of changes to the immigration law dealing with forced sterilization and abortion. In February 1998, the BIA granted the motion and remanded the case to the Immigration Judge. Id. at 114. After examining and considering the additional evidence and the change in the immigration law, the IJ again denied Wong's claim, basing this denial on Wong's lack of credibility. Id. at 32.

Wong again appealed to the BIA, but the BIA dismissed her appeal and affirmed the IJ's decision. After examining the record, the BIA concluded that questions concerning Wong's credibility remained even after the submission of the new evidence. The BIA specifically pointed to the following: (1) Wong's failure to mention the forced sterilization in her asylum application; (2) the lack of detail in her testimony concerning the alleged forced sterilization; (3) her failure to produce corroborating testimony; (4) the lack of a statement from her husband about her opposition to her own sterilization; and (5) the fact that Wong already had two male children. Taken together, the BIA concluded, these factors called "into question the degree" of Wong's "opposition to her own sterilization." App. I at 4. The BIA also found Wong's explanation that she had omitted mention of the sterilization from the asylum application because she could not find her sterilization certificate to be "unconvincing." Id. Finally, the BIA noted that Wong had wholly failed to address these credibility concerns on appeal.

An alien seeking asylum bears the burden of establishing that he or she is a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42)(A). See 8 C.F.R. § 208.13(a). In

3

order to qualify as a "refugee," an alien must show that he or she has been subject to "persecution" or harbors a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To successfully petition for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), an alien must "show that if returned to his country, it is more likely than not that the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Amanfi v. Ashcroft, 328 F.3d 719, 726 (3d Cir. 2003); see also 8 U.S.C. § 1231(b)(3)(A). In addition, a person will "be deemed to have been persecuted on account of political opinion" if she "has been forced to abort a pregnancy or to undergo involuntary sterilization" or "has been persecuted for failure or refusal to undergo such a procedure." 8 U.S.C. § 1101(a)(42)(B).

Under the law applicable here, a determination that an applicant is ineligible for asylum "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)).[1] Under this standard, the judgment of the BIA "must be upheld unless the evidence not only supports a contrary conclusion, but compels

---

[1] 8 U.S.C. § 1105a(a)(4), though repealed, applies here because the asylum proceedings began before April 1, 1997 when new provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") went into effect. See IIRIRA § 306(c)(1), 110 Stat. 3009-612, as technically corrected by Act of Oct. 11, 1996, Pub. L. No. 104-302, § 2(1), 110 Stat. 3657; see also Abidille v. Ashcroft, 242 F.3d 477, 482-83 (stating that 8 U.S.C. § 1252 applied to the petitioner's case because his exclusion proceedings commenced after April 1, 1997).

4

it." Abdille, 242 F.3d at 483-84. Where the immigration judge finds a witness's testimony to lack credibility, we have said that the judge must "offer a specific, cogent reason for [his or her] disbelief." Senathirajah v. INS, 157 F.3d 210, 216 (3d Cir. 1998) (internal quotation marks and citation omitted). Thus, we must "evaluate" the proffered "reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible." Id. (internal quotation marks and citation omitted).

In this proceeding, Wong first argues that the BIA did not discharge its duty to review the entire record and improperly relied on the IJ's findings of fact. However, we reject the factual predicate of this argument because it is apparent from the BIA's opinion that it examined the record in detail and cited facts that support its decision.

Wong raises a number of arguments that boil down to a challenge to the BIA's adverse credibility determination, but we conclude that the BIA's adverse credibility determination was supported by substantial evidence. The BIA noted specific, cogent reasons for disbelieving Wong. While Wong proved that she had been sterilized, this proof was offered long after her first hearing in front of the IJ. In addition, Wong failed to mention her sterilization in her asylum application; she was hazy when detailing the sterilization and surrounding events; there were inconsistencies in her description of her interactions with the Chinese authorities; and she offered no corroborating testimony about her opposition to China's birth control policy. Wong's explanation that she omitted information about her sterilization on her asylum application because she could not locate her sterilization certificate was also another piece of evidence from which the BIA could

5

make a negative credibility assessment. A fact finder could reasonably regard these circumstances as showing that she was not credible, that her sterilization was not involuntary, and that she did not have a reasonable fear of persecution in China.

Wong attacks the BIA's reliance on her failure to mention the sterilization in her asylum application and points to our decision in Senathirajah, 157 F.3d at 221. We agree with Wong that an asylum applicant must be given an opportunity to expand upon his or her reasons for seeking asylum. This means that an applicant may elaborate "upon the circumstances underlying an asylum claim when given the opportunity to take the witness stand." Id. In Senathirajah, we concluded that the BIA's decision to uphold the deportation of the petitioner was not based upon substantial evidence in part because the BIA had placed too much weight upon the discrepancies between the claimant's airport interview and his application for asylum and testimony at his immigration hearing. Id. at 218. Wong argues that Senathirajah shows that the BIA is not allowed to place undue weight on discrepancies between an initial application for asylum and subsequent testimony expanding upon the reasons for one's application. In addition, Wong contends that her situation is analogous to that in Senathirajah and therefore that the BIA erred by basing its adverse credibility determination on the fact that Wong failed to mention the coerced sterilization in her I-589 application for asylum.

This argument fails in several respects. First, in Senathirajah, the discrepancy was between an initial airport interview and the subsequent application and testimony. The claimant's I-589 form made claims that were not present in his initial

6

interview. In the instant case, it is the application itself–the I-589 form–that fails even to mention the forced sterilization, which is central to her asylum claim. The BIA could rightly consider this omission as evidence of lack of credibility. Second, the BIA's adverse credibility determination was not based on this fact alone but rather took into account a variety of testimonial discrepancies and inconsistencies. In sum, we are convinced that the BIA had a sufficient basis for its negative credibility assessment.

We also reject Wong's argument that her petition should be granted because the IJ did not further explore the record on remand. Among other things, Wong did not raise this argument in her brief to the BIA.

Wong maintains that her husband's failure to appear in the proceedings was not relevant. According to Wong, the husband was not an essential witness because he had already left China when the sterilization occurred, and he therefore lacked relevant firsthand knowledge.

This argument is weak at best. First, the BIA's decision shows that it did not consider the absence of the husband's testimony to be essential but merely that Wong's position was damaged to some degree by the fact that her husband did not offer "a statement concerning her opposition to sterilization." App. I at 4. Furthermore, even if we grant that the absence of such a statement should not have been assigned any weight, it is apparent that this fact was not vital to the BIA's decision.

Wong's final argument is that the BIA misconstrued the notice of sterilization. However, we believe that the BIA's interpretation was entirely reasonable.

7

We have considered all of the petitioner's arguments and find no ground for granting the petition.

For these reasons, the petition for review is denied, and the decision of the Board is affirmed.

TO THE CLERK OF THE COURT:

    Kindly file the foregoing Opinion.


                                         /s/ Samuel A. Alito
                                             Circuit Judge